The appeals should proceed to proofs on the issue which is in litigation. As above indicated, this appears to have been decided, adversely to defendant, in *Stockheimer, supra.*

I express no opinion on the issue which defendant failed to raise by appeal or by cross-appeal, and now desires to litigate. In an appropriate case, that issue may be argued and decided. It is not, on the record before me, an issue here.

Motion to suspend is denied. It is so ordered.

(Reap. Dec. 9819)

H. W. ROBINSON & CO., INC. *v.* UNITED STATES

Entry No. 39356, etc.

(Decided October 27, 1960)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals for reappraisement listed in the Schedule hereto annexed and made a part hereof are the same in all material respects as the issues in *Paramount Import Co., Inc., et al.* v. *United States,* Reap. Dec. 9697 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise involved in the cases listed in the Schedule hereto annexed less additions made by the importer on entry because of advances made by the Appraiser in similar cases is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Czechoslovakia in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the foreign values of such or similar merchandise were no higher.

In the incorporated case, it was held that the amount paid a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market, and which amount did not inure to the benefit of the seller, was a buying commission and, therefore, was not part of the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act

of 1930, and hold that such statutory value therefor is the appraised values, less additions made by the importer on entry because of advances made by the appraiser in similar cases.

Judgment will be rendered accordingly.

(Reap. Dec. 9820)

NEW YORK BEAD CO. ET AL. *v.* UNITED STATES

Entry No. 794781, etc.

(Decided October 27, 1960)

*Barnes, Richardson & Colburn* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals for reappraisement listed in the Schedule hereto annexed and made a part hereof are the same in all material respects as the issues in *Paramount Import Co., Inc., et al.* v. *United States,* Reap. Dec. 9697 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise involved in the cases listed in the Schedule hereto annexed less additions made by the importer on entry because of advances made by the Appraiser in similar cases is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Czechoslovakia in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the foreign values of such or similar merchandise were no higher.

In the incorporated case, it was held that the amount paid a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market, and which amount did not inure to the benefit of the seller, was a buying commission and, therefore, was not part of the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised values, less additions made by the importers on entry because of advances made by the appraiser in similar cases.

Judgment will be rendered accordingly.